```
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| TOM MICHAELS, | ) CIVIL NO. 14-00396 ACK-KSC |
|   Plaintiff, | ) FINDINGS AND |
|   vs. | ) RECOMMENDATION TO DENY ) PLAINTIFF'S MOTION FOR ) ORDER OF REMAND |
| LONGS DRUG STORES CALIFORNIA, LLC; DOES 1-20; DOE CORPORATIONS 1-20; DOE PARTNERSHIPS 1-20; DOE NON-PROFIT CORPORATIONS 1-20; DOE GOVERNMENTAL AGENCIES 1-20, | ) ) ) ) ) ) ) ) |
|   Defendants. | ) ) |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR ORDER OF REMAND

Before the Court is Plaintiff Tom Michael's ("Plaintiff") Motion for Order of Remand ("Motion"), filed October 7, 2014. The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"). After careful consideration of the Motion and the applicable law, the Court HEREBY FINDS AND RECOMMENDS that the Motion be DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff filed his Complaint on February 25, 2014, in the Circuit Court of the Second Circuit, State of Hawaii. He alleges that Defendant Longs Drug Stores California, LLC ("Defendant") incorrectly filled a prescription, causing him injuries. Plaintiff served Defendant on August 12, 2014.

On September 4, 2014, Defendant filed a Notice of Removal ("Notice") in federal court.

On October 6, 2014, the Court held a Rule 16 Scheduling Conference.

The present Motion followed.

## DISCUSSION

As an initial matter, the Court notes that this Motion is untimely. Section 1447(c) of Title 28 of the U.S. Code requires that motions to remand based on "any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Insofar as Plaintiff does not seek remand based on lack of subject matter jurisdiction, he was

required to file this Motion by October 6, 2014.[1]
Plaintiff apparently believes that he timely filed this
Motion because he addresses the 30-day deadline in his
Motion.  Mot. at 7.  Plaintiff is mistaken, however,
because he measures the 30-day deadline off of the date
Defendant filed the Notice in state court (September 8,
2014), not federal court.  The date the Notice was
filed here is the relevant measuring date.  Plaintiff
was aware of the September 4, 2014 Notice filing date
because he cites that date in the Motion with respect
to his argument that the Corporate Disclosure Statement
was untimely filed.  <u>Id.</u>  Given Plaintiff's failure to
file this Motion by October 6, 2014, it is untimely.

Even if the Motion was timely filed, remand
would be inappropriate.  Defendant removed the instant

---

[1] October 4, 2014, was 30 days after Defendant filed its Notice.  However, because October 4, 2014, was a Saturday, the deadline to file a motion to remand was October 6, 2014.  Fed. R. Civ. P. 6(a)(2)(C) ("[I]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.").

case pursuant to 28 U.S.C. §§ 1441 and 1332. Notice at ¶¶ 11 & 12. Section 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441. Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the

4

existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998); Spencer v. United States Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed.").

Defendant removed the case based on diversity jurisdiction because Plaintiff is citizen of Hawaii, it is a citizen of Rhode Island, and the amount in controversy exceeds $75,000. Notice at ¶¶ 7, 8 & 10. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.

See 28 U.S.C. § 1332(a)(1). A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought. See 28 U.S.C. § 1441(b).

According to Defendant, it is a California limited liability company. Id. at ¶ 8. LLCs are citizens "of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Defendant's sole member is Longs Drug Stores, LLC ("LDS"), a Maryland limited liability company with its principal place of business and company headquarters in Rhode Island. Id. at ¶ 8. LDS's sole member is CVS Pharmacy, Inc. ("CVS"), a Rhode Island corporation with its principal place of business and corporate headquarters in Rhode Island.[2] Therefore, both LDS and CVS are citizens of Rhode Island. CVS is wholly owned by CVS Health Corporation, fka CVS Caremark

---

[2] A corporation is a citizen of its place of incorporation and its principal place of business. Johnson, 437 F.3d at 899.

Corporation, a Delaware Corporation with its principal place of business in Rhode Island.  Id.  As such, CVS is also arguably a citizen of Delaware.  Based on this information, the parties are completely diverse.

There is no dispute that the amount in controversy exceeds $75,000, as Plaintiff has confirmed that this is true.  For these reasons, the Court finds that Defendant properly removed this action, and that remand is inappropriate.

Curiously, Plaintiff seeks remand not due to an absence of diversity jurisdiction, but rather on grounds of fairness and lack of federal claims.  Neither of these provide a basis for remand when subject matter jurisdiction exists.  The Court addresses each of Plaintiff's faulty and irrelevant arguments in turn.[3]

A.   Supplemental Jurisdiction

Plaintiff submits that the Court should decline

---

[3] Based on the arguments presented by Plaintiff, it is clear that he has a fundamental misunderstanding of the applicable law.

to exercise supplemental jurisdiction because there are no federal claims to resolve. This argument is wholly without merit. The basis for jurisdiction in the present case is diversity jurisdiction, not supplemental jurisdiction. Plaintiff relies on a host of cases discussing abstention doctrines and the Declaratory Judgment Act, none of which are applicable here. Plaintiff erroneously asserts that there is a "parallel" state proceeding inasmuch as the federal and state actions are identical. There is no parallel state action to speak of. That this case originated in state court does not render it a parallel action, because once it was removed to federal court, it ceased to exist in state court. There is only one action and it is now before this Court.

B.  Convenience

Plaintiff secondly argues that remand is appropriate because the Longs pharmacy that is the subject of this litigation, along with all relevant witnesses, are in Kihei, Maui. Plaintiff additionally

8

explains that he has a severe disability and that fairness and judicial economy support remand. Although the Court sympathizes with Plaintiff's condition, the convenience of the parties, witnesses, or counsel does not provide a basis for remand.

C. <u>Untimely Corporate Disclosure Statement</u>

Finally, Plaintiff notes that Defendant untimely filed its Corporate Disclosure Statement on September 5, 2014, one day after it filed its Notice. Fed. R. Civ. P. 7.1 (requiring that the corporate disclosure statement be filed with a party's "first appearance, pleading, petition, motion, response, or other request addressed to the court"). Plaintiff has not provided any legal authority, nor does any exist, to support remand based on the untimely filing of a Corporate Disclosure Statement.

In sum, Plaintiff's Motion is untimely. Even addressing the merits of the Motion, however, it must be denied. Diversity jurisdiction exists and the meritless arguments propounded by Plaintiff do not

provide a basis for remand.

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Order of Remand, filed October 7, 2014, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 8, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 14-00396 ACK-KSC; <u>MICHAELS V. ONGS DRUG STORES CALIFORNIA, LLC, ET AL.</u>; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ORDER OF REMAND